### F. M. Pool, Appellee v. James Jeffrey, Appellant.

BROKERS AND FACTORS—*when commissions earned.* A broker who is the procuring cause of a sale consummated by his concern is entitled to his commissions.

Action commenced before justice of the peace. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed June 15, 1909.

NEELY, GALLIMORE, COOK & POTTER, for appellant.

CLEMENS & SLATER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On June 14, 1907, appellant by an instrument in writing, signed by him, listed for sale certain premises which he owned in the city of Herrin, Illinois, with appellee, a real estate agent of that place. This instrument contained a request to appellee to find a purchaser for the property, which, together with the surroundings, was described therein and concluded as follows: "Price $3750.00. Terms, cash. I agree to pay Fred M. Pool, 5 per cent commission, and will furnish purchaser with complete abstract of title. Giving the said Fred M. Pool exclusive agency for 60 days."

Three days later appellant sold the listed property through another agent for $3,750, and appellee claiming that by his efforts the purchaser was in fact procured, brought this suit to recover his commission. Upon the trial in the court below, a jury was waived, and the court, having found in favor of appellee, gave judgment against appellant for $187.50.

Appellant advances as one reason why appellee should not be permitted to recover, the fact that one George W. Dowell claimed to be entitled to one-half of any commission which might be recovered. Appellee and Dowell, as is disclosed by the evidence, were at the time of the transaction in question, partners in the real estate business. After obtaining the written contract or listing above referred to, appellee on the same day called Dowell to his assistance and the latter later in the day, which was Saturday, took the matter up with one Herrin, who was seeking to purchase a place for his mother-in-law, Mrs. Sarah Stotlar. Early on the Monday following, Herrin, who in the meantime had heard from others that appellant asked $3,750 for the property, called on Dowell and offered him that amount for it. Dowell refused to accept the amount named, demanding $3,850. Herrin said, "No, it is Mrs. Stotlar's money and I am only authorized to give $3,750." Dowell having again refused to take less

than $3,850, the men parted with an agreement to take the matter up again at 1 o'clock in the afternoon.

A few minutes later Herrin met W. H. Ford, another real estate dealer, and asked him if he had the property listed with him or could buy it, at the same time offering $3,750 for it. About noon Ford told Herrin the property could be bought for $3,750, and the result was that later on the same day deeds for the premises were made by appellant to Ford and by the latter to Mrs. Stotlar.

Appellee and Dowell both testified that subsequently they had a conversation with appellant concerning the matter and the latter told them he saw they were instrumental in bringing about the sale and offered to give them $10, which was refused by them. Appellant testified that he told them he "would give them ten dollars rather than have any hard feelings; offered to make them a present of ten dollars." The listing of the property and contract to pay commissions was made by appellant with appellee alone, for reasons which were explained by appellee on the trial. The fact that Dowell assisted in the quest for a purchaser and was to share in the commission in the event of a sale, was a matter between him and appellee and did not affect the contractual relations existing between appellee and appellant. The suit was therefore properly brought in the name of appellee.

Appellant further contends that the facts in the case as shown on the trial did not warrant the court below in finding in favor of appellee.

Appellee, through Dowell, appears to have almost at once interested Herrin in the premises and the latter in fact purchased them for Mrs. Stotlar, within three days after the property was listed. Herrin was from the start ready, willing and financially able, as agent for Mrs. Stotlar, to buy the premises for $3,750, and appellant insists that it was then the duty of appellee, if he wanted to deal fairly with his principal, to accept the proposition of Herrin and close the sale of the property.

As bearing upon the question of the good faith of himself and Dowell in asking $3,850 for the premises, appellee swore that he thought the place was worth $4,000 and that appellee told him he had been asking that amount for it; that in attempting to get $3,850 he and Dowell were trying to benefit appellant and that in no event was he to get more than the agreed commission of 5 per cent on $3,750. Appellee and Dowell appear to have acted in good faith towards appellant in their negotiations with Herrin and the sale appears to have resulted from their efforts.

The court below therefore properly found appellee was entitled to recover the commission named in the contract.

What we have above said also applies to and disposes of the criticisms of appellant upon the holding of the court below in regard to the propositions of law presented.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*